## IN RE THE LIQUORS OF YOUNG & LYON.

A., duly licensed to sell liquors in Providence, sent liquors in bulk to B., in Hopkinton, where no licenses were granted, with the agreement that they should remain the property of A., but that B. might draw ten gallons at a time as he wished, paying therefor when drawn.

*Held*, that A. was illegally keeping for sale and selling liquor in Hopkinton, and that the liquors were properly seized, and were forfeited to the State.

An information for the forfeiture of liquors under Pub. Stat. R. I. cap. 87 charged that they "were kept for the purpose of sale, without authority, within this State, against the statute."

*Held*, that the charge was sufficient.

EXCEPTIONS to the Court of Common Pleas in proceedings for forfeiture under Pub. Stat. R. I. cap. 87.

*Providence, January* 30, 1886.   STINESS, J.   In this case the information sets forth that certain liquors " were kept for the purpose of sale, without authority, within this State, against the statute."   As the charge conforms almost exactly to that provided in Pub. Stat. R. I. cap. 87, § 28, it is sufficient.   The principal contention in this case arises from the refusal of the court below to admit the following testimony, offered in defence : Messrs. Young & Lyon, of Providence, appeared as claimants of a portion of the liquor seized.   They offered to show that they were duly licensed by the State and city authorities, and had paid a tax to the United States to carry on the business of retail and wholesale dealers in

malt and spirituous liquors, at their place of business in said city
of Providence, for the year 1884 ; that they sent the liquor claimed
by them to the defendant, Gadro, with the express understanding
and agreement that the said liquors should remain the property of
said Young & Lyon till paid for ; that said Gadro should have the
privilege of drawing ten gallons at a time from said liquor, when-
ever desired, to be paid for as soon as drawn out, the balance re-
maining the property of the claimants ; that this arrangement was
made to save the trouble of sending small amounts of ten gallons
each, as usually ordered, by said Gadro ; that Gadro represented
himself as steward of a club called the "Rendezvous Club;"
that said claimants had no knowledge or suspicion that Gadro was
buying for illegal sale.   The testimony was excluded as imma-
terial, and the claimants excepted.   If the testimony had been
admitted it would have shown two things : first, that the claim-
ants, licensed liquor dealers in Providence, sent liquor to Gadro in
Hopkinton, for the purpose of sale, in quantities of ten gallons at
a time ; and, secondly, that they had no knowledge that the quan-
tities so sold were to be used for unlawful purposes.   We cannot
see how either of these points, if established, would have been of
advantage to the claimants.   They were licensed to sell in Provi-
dence, not in Hopkinton.   Their license, by the terms of the law,
Pub. Stat. R. I. cap. 87, § 2, is expressly confined to the town in
which it is granted.   The leaving of the cask with Gadro was
a continuing offering of sale of the contents, completed by his
acceptance in drawing off the quantity he desired to take.   The
contract and delivery thus became complete in Hopkinton, with-
out authority by license, and therefore contrary to law.

As to the second point, what the law prohibits is a sale, or keep-
ing for sale, in a town which grants no license therefor to the per-
son charged with selling or keeping for sale.   If one keeps liquor
for sale contrary to law, that is the offence.   His ignorance of any
improper or illegal use to which it may be put is no defence.   He
has violated the law in keeping liquor for sale without authority,
and therefore testimony that he did not know it was to be used
still further in violation of law is wholly immaterial.   We think
the testimony was properly excluded.   It could not have availed
the claimants anything in defence.   Of the other exceptions taken,

none were pressed, excepting those which raised the questions now decided in *State* v. *Liquors of Hoxsie, ante,* p. 241.

*Exceptions sustained.*

*Charles C. Mumford*, Assistant Attorney-General, for the State.
*Crafts & Tillinghast*, for claimants.