### COMMONWEALTH *vs.* DENNIS SHURN.

Worcester.    October 3. — 20, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

A copy of a material paper is admissible in evidence against one who, having the original in his possession, fails to produce it on notice.

At the trial of a complaint against A. for the sale of intoxicating liquor to B. at W., there was evidence that B. asked C. to get him some liquor when he went to M.; that the quantity ordered was delivered to B. at W.; and that he then paid for it and took a receipt for the money, which receipt purported to be a bill from A., signed in his name by D. There was also evidence that, at the trial in the district court, when A. was present, his counsel took possession of the receipt, and claimed the right to retain it, and refused to produce it, on notice, at the trial in the Superior Court. *Held*, that there was sufficient evidence to sustain the complaint.

COMPLAINT to the Central District Court of Worcester, for the sale at Worcester, on June 5, 1886, of intoxicating liquor to one John Buckley.

At the trial in the Superior Court, on appeal, before *Staples*, J., it was admitted that the defendant had a fourth class license, authorizing the sale of spirituous and intoxicating liquors in the town of Millbury at the time alleged in the complaint, and that no licenses were granted in Worcester for the year beginning May 1, 1886.

John Buckley, mentioned in the complaint, testified as follows: "I live in Worcester. I do not know the defendant. On June 5, 1886, I gave a verbal order to Mr. Reardon for some porter; told him if he went to Millbury to send it. I received a half-barrel of porter and receipted for it. It was brought in the evening to me in Worcester. I paid the person who brought it four or five dollars for it. I do not know that I ever saw him before or since. I took a receipt, which I put in a little room. The officers made a raid subsequently, and took it. The officers took the porter at the same time. The porter was delivered to me in the cellar of No. 85, corner of Market and Summer streets."

There was also evidence that a receipt was found at the house of John Buckley when the officers made a search, which read as follows: "Millbury, Mass., June 5, 1886. T. McGillicuddy to Dennis Shurn, Jr., Dr. To $\frac{1}{2}$ bbl. porter $4.50. Received payment, D. Shurn, Jr., by J. Harper;" that this receipt was

produced at the trial in the district court, and the defendant's counsel asked for it in the presence of the defendant, and, on its being handed to him, said he would retain it; that there was no T. McGillicuddy on Market Street in Worcester; and that the defendant in another case had pleaded to the name of Dennis Shurn, Jr.

The district attorney called upon the defendant and his counsel to produce the original receipt. The receipt was not produced, the defendant's counsel saying, " I do not know as I have it." The government was allowed to put in evidence a copy of said receipt, against the objection of the defendant, and subject to his exception.

The defendant asked the judge to rule that the foregoing evidence was insufficient in law to sustain the complaint. The judge refused so to rule, and the defendant excepted.

Among other requests for rulings the defendant asked the judge to instruct the jury as follows: "1. If the defendant received an order at his place of business in Millbury, with directions to forward the order to the consignee by his teamster, and he did so forward it, that would be a sale in Millbury. 2. If the defendant received an order at his place of business in Millbury, and filled the order, and, without any special directions, sent the goods to the person giving the order by his servant, that is not a sale in Worcester, but a sale in Millbury. 3. If the defendant received an order from a customer in Worcester, at his place of business in Millbury, either from the customer or from another person for him, or by mail, or in any way, and for cash or upon credit put up the order for his customer, and then by his servant sent it to his customer, that would not be a sale in Worcester."

The judge declined to give the rulings requested, stating that the third request was not based on the actual state of the evidence.

The judge instructed the jury, that, if the parties understood and intended that the title to the porter should not pass till it was delivered to and paid for by John Buckley, and it was so delivered to and paid for by him in Worcester, then the jury was warranted in finding that the sale was in Worcester.

The judge further instructed the jury, that it was for them to say whether the receipt was identified as the one given Buckley

when the porter was delivered to him; that the receipt, if identified, did not of itself prove or tend to prove that Harper delivered the porter, or that he was the agent of the defendant in so doing, or that the porter came from the defendant; and that the evidence as to what took place in the court below, when the original receipt was produced, was to be considered by the jury, upon the question whether the defendant, by his acts or conduct, then and there admitted the receipt to be his receipt, given by his authority, and as a voucher for the payment set forth therein, or else admitted the same to be a paper in the suppression of which, as evidence in this case, he had an interest.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Hopkins*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

DEVENS, J. The defendant excepted to the admission in evidence of a copy of a certain receipt, purporting to be from Shurn, by one Harper, of the price of a certain half-barrel of porter. If the receipt itself would have been admissible as material upon the issue of the guilt of the defendant, it having been shown to have been taken into the possession of the defendant and his counsel, and they having refused to produce it, a copy was admissible. *Commonwealth* v. *Goldstein*, 114 Mass. 272.

The defendant further excepted to the refusal of the court to rule that there was no evidence sufficient in law to sustain the complaint. There was evidence that Buckley ordered, by one Reardon, porter from Millbury; that the quantity ordered was delivered to him in Worcester; that it was there paid for by him; and that he took a receipt for the amount paid from the man who delivered it to him. This was sufficient evidence of a sale in Worcester, although not of a sale by the defendant. While the receipt, if identified as the one delivered to Buckley, which purported to be signed by one Harper for the defendant, did not of itself prove that Harper was entitled to act for the defendant, or that the porter came from the defendant, it was for the jury to say whether the original receipt was thus identified, and whether, when produced at the trial in the district court, the defendant had by his acts and conduct admitted it to be his, or as given by his authority as a voucher for the payment set forth

therein, or that he then endeavored to suppress a paper which would have afforded one step in the evidence against him. If so, evidence was afforded that the sale was made by him through his agent Harper. At the trial in the district court, Buckley made no claim to the original receipt. When it was produced, the defendant was present with his counsel; and the latter in the defendant's presence asked for it, then insisted on his right to retain it, did so, and at the subsequent trial in the Superior Court, although the receipt was demanded by the prosecuting attorney, it was not produced. This was an assertion of a claim, made in the defendant's presence by his counsel, of his right to this paper as his own property as against the government, and, when connected with the contents of the paper, affords some evidence that the transaction with Buckley was a sale made by the defendant through his agent.

To the other rulings and refusals to rule no exception was taken. *Exceptions overruled.*