### E. L. NORTHCUTT v. THE STATE.

*No. 961.    Decided March 18th, 1896.*

**Local Option Sale—What Constitutes.**

The delivery of whiskey through an agent upon a written order of and to a party doing business in a local option precinct or county, by a defendant having his saloon business in another county is a sale in the local option precinct.

APPEAL from the County Court of Parker.    Tried below before Hon. J. L. L. McCALL, County Judge.

This is an appeal from a conviction for violation of local option, the

punishment assessed being a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a conviction for a violation of the local option law, in Precinct No. 2, of Parker County. Appellant was charged with and convicted of selling whiskey in said precinct to one John Hardgraves. The testimony discloses that Hardgraves had his place of business in Springtown, in said Precinct No. 2; and gave the appellant a written order for two quarts of whiskey, to be delivered by appellant to him at his said place of business; the appellant residing and having his saloon business in Wise County. The evidence shows that the whiskey was delivered to Hardgraves at his place of business, in Springtown, by one Bob Carey, by whom the appellant sent the whiskey. Carey was the agent of the appellant. This sale was in Precinct No. 2, of Parker County, and therefore a violation of the local option law. See, Com. v. Holstine, 132 Pa. Stat., 357; 19 Alt. Rep., 273; In re Liquors of Young; 15 R. I., 243; 3 Atl. Rep., 3; Com. v. Shurn, 145 Mass., 150; 13 N. E. Rep., 395; Com. v. Burgett, 136 Mass. 450. There is no question in the record but that Carey was the agent of the appellant. The proof is absolutely conclusive that he was; and if the court assumed in its charge (as alleged by appellant), which is doubtful, that he was the agent of the appellant, there was no error under the circumstances of this case. The second objection of the appellant to the charge of the court is not well taken. When read in connection with the facts, "dispose of" means "sale." The judgment is affirmed.

*Affirmed.*