## BUD BENSON v. THE STATE.

### No. 1389.   Decided February 9, 1898.

### Motion for Rehearing Decided March 16, 1898.

**1. Local Option—Disqualification of Judge.**

The fact that the judge, while canvassing for election as county judge, may have said to the people that he would see that local option was enforced, affords no ground for his disqualification to try a case for the violation of said law.

**2. Same—Suggestion of Disqualification that the Judge Has Been of Counsel Against Defendant—Practice.**

Where the suggestion of the disqualification of the trial judge states that the judge has been of counsel against defendant in the case, it is not competent for the judge to decide the question without affording defendant an opportunity to offer proof to sustain his allegation, although the judge might personally know he was not disqualified.

**3. Same.**

Where the proof showed that the trial judge was elected in November, 1896, and the allegation in the indictment was, that the offense charged was committed on the 9th day of March, 1897, and the evidence sustained this allegation, Held, the court did not err, under the circumstances, after he had overruled a motion suggesting his disqualification, by reason of the fact that he had been counsel against defendant in the case, in stating in answer to an inquiry by defendant, that he would not hear evidence upon the matter, and in refusing to hear the evidence, the suggestion being one manifestly incapable of proof.

**4. Local Option—Evidence.**

On a trial for violation of local option, it is not error for the court to allow the State's witnesses to prove that the liquor bought by the prosecuting witness was intoxicating.

**5. Same—Charge—Assuming the Fact—Prima Facie Case.**

On a trial for violation of local option, where the orders and proceedings introduced in evidence in regard to the election established a prima facie case under the law, it is not error for the court, in its charge, to assume that local option was in force at the date of the alleged violation.

#### ON MOTION FOR REHEARING AND TO REFORM THE JUDGMENT.

**6. Judgment on Recognizance on Appeal.**

It is expressly provided by Revised Statutes, article 1063, and article 1122, Code of Criminal Procedure, that where a judgment in a case less than felony is affirmed on appeal, all fees due the clerk of the Court of Criminal Appeals in said case shall be adjudged against the defendant and his sureties on his recognizance, for which execution shall issue, as in other cases.

APPEAL from the County Court of Clay.   Tried below before Hon. EMMETT PATTON, County Judge.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $50 and twenty days imprisonment in the county jail.

*A. K. Swann,* for appellant.

*Mann Trice,* Assistant Attorney-General, and *Nat P. Jackson,* for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50, and confinement in the county jail for twenty days; hence this appeal.

Several bills of exceptions were reserved by the appellant to the action of the trial court, but it is only necessary to consider the second bill of exceptions. It appears from the record that appellant filed a motion calling in question the qualification of the county judge who tried this cause, said motion being as follows: "Now comes the defendant in the above cause, and objects to this court trying it, because the defendant avers and charges the fact to be that the honorable county judge, W. E. Patton, who is now sitting in this case, and proposes to try the same, has advised with the people about the enforcement of this law under which this defendant is being prosecuted, now here, and promised them before his election as county judge that this law should be enforced, and that this said court and judge has been of counsel against this defendant in this cause, and this defendant prays that the facts above set up be inquired of by this court, and defendant be allowed to introduce evidence to prove the same, and that this court do not proceed to try this cause." The bill of exceptions taken to the action of the court on this motion is as follows: "Defendant filed a suggestion, suggesting that the county judge presiding (Emmett Patton) was and is disqualified from trying the causes, in each case setting up the grounds of such disqualification, all of which fully appears by reference to said suggestion here referred to and made a part of this bill of exceptions; and, before the cause had proceeded to trial, defendant, by his attorneys, presented said suggestion to the court, and offered to prove the facts therein stated, and objected to the said Emmett Patton sitting as judge in these causes, for the reasons assigned in said suggestion. But the court overruled the same, and refused defendant the privilege of offering proof with reference thereto, and proceeded to hear and determine said cause; to all of which defendant objected and excepted, and now tenders this bill of exceptions. This bill is allowed, with the explanation that the county judge sitting in this case had never advised with the people of Clay County about the enforcement of the local option law in said county, either before or after his election; that he was elected county judge of said county at the November election in 1896; and that this indictment was not returned against defendant until in March, 1897; that he has never been of counsel against this defendant in this or any other cause; that, as a matter of fact, defendant offered no witness to prove the matters charged in his suggestion of the disqualification of the county judge to try this cause, but, when the suggestion was offered and overruled by the court, defendant's counsel asked if the court would not hear evidence in the matter, and the court said he would not,—to all of which defendant in open court excepted."

The fact that the judge may have said to the people, while canvassing for the office of county judge, that he would see that the law was enforced, would afford no ground of disqualification; but, in addition to

this, it is stated that the judge had been of counsel against defendant in this cause. This, if true, would be a disqualification. In a general sense, the allegation involves an issue of fact, and it would not be competent for the judge to decide the same without affording an opportunity to appellant to offer proof to sustain his allegation, and the judge could not decline to hear such proof, although he might personally know he was not disqualified. On such an issue, his evidence would have to be submitted as that of any other witness. The bill of exceptions, however, does not show that appellant offered any evidence to prove this issue. After the overruling of the motion by the court, he merely inquired if the court would not hear evidence, to which the court replied he would not. But, concede that the bill sufficiently shows appellant insisted on the court hearing evidence, the question then presented is, in the face of the record in this case, was the fact alleged that the judge had been of counsel in this case susceptible of proof? The allegation in the indictment is that the offense occurred on March 9, 1897, and the proof sustains this allegation. The bill shows that the county judge, Patton, was elected at the November election, 1896, so that, in the very nature of things, he could not have been of counsel in this cause, as the offense did not occur until after he was elected and qualified as county judge, and then the law forbids him becoming of counsel in any case in his court. An allegation of this character against a county judge would not involve employment merely, but would embrace a charge of bribery and corruption in office, and we do not understand such charge to be made in the motion. The motion seeks to allege an employment of the county judge in the case, evidently antedating his election. If the county judge had been employed by the people to prosecute all violations of the local option law in Clay County, such employment ceased on his election, or, even if he had been specifically employed by the county or the people to prosecute appellant for violations of the local option law, such employment would have terminated when he took the oath of office, and would not cover cases arising after his disqualification. So it occurs to us, as the record is presented on this question, the allegation that the county judge was of counsel against defendant in this particular case was incapable of proof; hence the court did not err in overruling the same, under the circumstances as shown in the bill of exceptions.

There was no error in the court allowing the witnesses for the State to prove that the liquor bought by the prosecuting witness was intoxicating. We do not believe the court erred in assuming in his charge to the jury that local option was in force in Clay County at the date of the alleged sale. The orders and proceedings in regard to the election introduced in evidence establish a prima facie case, under the law, and this was in nowise antagonistic to the proof. The judge gave a fair charge, presenting every phase of the case, and the special instructions asked were not necessary. The judgment is affirmed.

*Affirmed.*

### MOTION TO REFORM THE JUDGMENT.

Bud Benson v. The State of Texas.—In the Court of Criminal Appeals of Texas, at Dallas.—Now comes the appellant, together with G. S. Ellis, L. Barnes, T. J. Cook, B. F. Yantis, and others, sureties on his recognizance on appeal in this cause, and moves the court to reform the judgment in this cause so as not to authorize an execution against said appellant and said sureties, or either of them, for the cost of the clerk of this court or the Attorney-General until after forfeiture of said recognizance; for the reason that the law does not authorize the collection of the cost in this court except as in the lower court, and because the sureties on the recognizance are not liable on their obligation until after defendant has made default. See articles of Code of Criminal Procedure as follows: Articles 1119 to 1122, inclusive.

As to recognizance and its conditions, see article 887, from which it will be seen that they only obligate themselves for his appearance before the lower court.

As to manner of collecting fine and costs when defendant is in attendance, see articles 845, 847 to 856, inclusive.

And it is submitted that as no default has been made there is no liability.

A. K. SWANN,

Attorney for Bud Benson, appellant, and said sureties.

### ON MOTION FOR REHEARING AND TO REFORM JUDGMENT.

HENDERSON, JUDGE.—At a former day of this term the judgment in this cause was affirmed. We have carefully reviewed the grounds of the motion for rehearing, and see no reason to change the views heretofore expressed. Appellant insists in his motion that the court erred in holding that his plea setting up the disqualification of the trial judge was insufficient. We do not understand how a judge could be disqualified in a case which had no existence until months subsequent to his election and qualification. The proof in this regard discloses that the alleged violation of the local option law occurred long subsequent to the election and qualification of the trial judge. A motion is also made to reform the judgment of this court in regard to that portion of it which adjudges appellant and his sureties responsible for the costs accrued in this court. The main feature of the contention seems to be based upon the proposition that the recognizance on appeal is but an obligation requiring the appearance of the appellant in the trial court pending the appeal; and we are cited to several provisions of the Code of Criminal Procedure to sustain said proposition. Appellant has evidently overlooked article 1063, Revised Civil Statutes, 1895. That portion which pertains to the question at issue is as follows: "In every State case of a less grade than felony, in which an appeal is taken to the Court of

Criminal Appeals, and the judgment of the lower court is affirmed against the defendant, all fees due the clerk of said court in said case shall be adjudged against the defendant and his sureties on his recognizance, for which execution shall issue as in other cases on appeal to the Court of Criminal Appeals," etc. This would seem to answer appellant's proposition without any argument. See, also, Arbuthnot v. State, 38 Texas Crim. Rep., 509. The motion for rehearing is overruled, and the motion to reform the judgment is denied.

*Motion overruled.*