## *J. C. BOGLE v. THE STATE.

No. 1855. Decided January 31, 1900.

### 1. Local Option—Sale, What Constitutes.

Where the agent, in a local option district, for a brewing company manufacturing beer in another county, took an order from a purchaser at a stipulated price, including the freight, for certain casks of beer to be shipped from the brewery by rail and delivered to the purchaser in said local option district, and it was so shipped and delivered, this constituted a sale in the local option district and not in the county where the beer was manufactured and shipped.

### 2. Same—Evidence—Contract by Agent.

On a trial for violation of local option by an agent, the fact that the agent's contracts of sale were subject to the ratification of the company he represented, was wholly immaterial and irrelevant, especially where it appeared that the

---

*This case should have appeared in the 41st volume of the Texas Criminal Reports, but it only reached the hands of the Reporter on October 26, 1901, after the 41st volume was complete.

company had ratified and completed his contract by shipping and delivering the beer as contracted by him with the purchaser.

**3.  Same—Principals.**

In misdemeanor cases, all parties involved in the offense are principals; and, where an agent of a brewing company contracts for the sale of beer by his company and his contract becomes completed, he is a principal in the offense, if an offense, notwithstanding the members of the company were particeps criminis in completing the contract.

APPEAL from the County Court of Hunt.  Tried below before Hon. R. D. THOMPSON, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $100 and twenty days imprisonment in the county jail.

The following statement of the case, which is substantially correct, is taken from the brief of the appellant:

"On or about the said 1st day of July, 1896, the defendant was in the employ of the Dallas Brewery, a manufacturer of beer, domiciled and having its office in the city of Dallas, in Dallas County, Texas; that he was the traveling solicitor of said brewery on said date, and in the regular course of his route and business came to Greenville on the — day of June, 1896, and while there, among others, he saw S. H. Reeves, who was on said date in business on the east side of the public square; that he had solicited orders for beer from several other merchants and when he saw Reeves he informed him that he had about a sufficient number of orders to make up a car, and asked him (Reeves) to give him (Bogle) an order.  That said Reeves stated that he did not have the money to pay for same; that the defendant stated that he could pay for the beer when he sold it.  At the time, the defendant informed the said Reeves that the Dallas Brewery could sell the beer for $8.50 in Greenville, Texas.  That the said Reeves gave the defendant an order in writing addressed to the Dallas Brewery, at Dallas, Texas, requesting said Dallas Brewery to ship to him at Greenville, Texas twenty-seven casks of beer by railroad, for which said Reeves in said order agreed to pay in Dallas, Texas, and said Reeves signed said order and delivered the same to the defendant, who at once sent same to his principal in Dallas, Texas.  At the time of taking said order the defendant had no beer or intoxicating liquors to sell, and was in no way interested in any beer or any other intoxicating liquor, nor did he have any interest in the Dallas Brewery.  The Dallas Brewery received the order of said Reeves along with many other orders and shipped a car of beer to Greenville with the twenty-seven casks ordered by Reeves, marked to said Reeves in same.  That the Dallas Brewery has a man who passes on all orders sent in by the solicitors, of which defendant is one, and if he approves said orders, the goods are shipped, and if he fails or refuses to approve the orders, the order is turned down.  That said Reeves did not pay the freight on the goods, and that if the Dallas Brewery paid the freight it charged said Reeves up on its books with $8 per cask for beer and 50 cents per cask for freight paid or advanced for same.  That the defendant did not ship any intoxicating liquor, nor

was he present when the same was shipped, nor did he have anything to do with the shipping of same, and that he did not know that the Dallas Brewery, his principal, had shipped to the said Reeves any beer until long after the same had been shipped. After the defendant received the order from the said Reeves he sent the same through the due course of mail to his principal, the Dallas Brewery, of Dallas, Texas, which was the extent of his duty as a solicitor for said brewery."

*Neyland & Neyland,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law in Hunt County.

S. H. Reeves, the alleged purchaser of the intoxicants, testified substantially that appellant came to his place of business and took his order for several casks of beer, which order read as follows.

"Greenville, Texas, June 23, 1896.
"Dallas Brewery, Dallas, Texas:
"Please ship per freight R. R. to the undersigned, the following goods, this day ordered through your agent. This and all subsequent orders given you by me is payable at Dallas, Texas:

"5 casks quarts, eight bottles.
"20 casks quarts, no label, no foil.
"$8.50.

(Signed)   "S. H. Reeves."

Appellant was the agent of the Dallas Brewery, and this order was taken by him, and the goods shipped by said Dallas Brewery to the purchaser at the point designated. . The order shows the sale to have been at $8.50 per cask. The facts show that the real price was $8, and the 50 cents was freight. So, to sum up, the evidence without contradictions shows that the beer was delivered to the purchaser at Greenville, in Hunt County, over the line of railroad, the freight being added to the real price. As we understand the rule in this State, this constituted a sale in Hunt County, and was therefore violative of the local option law at that point. Northcutt v. State, 35 Texas Crim. Rep., 584, and authorities there collated. And see also Bruce v. State, 36 Texas Crim. Rep., 53. Under the facts stated, we believe this to have been a sale in Hunt County.

This disposes of all the bills of exception with reference to whether the sale was in Dallas and not in Hunt County, and it is not necessary to further discuss them.

Appellant has three bills of exception to the action of the court rejecting testimony offered by himself to the effect that the Dallas Brewery, which he represented in the transaction, reserved the right to

reject any and all contracts for the sale of their beer. In other words, all the contracts he made were simply conditional upon the approval of the Dallas Brewery. The court properly rejected this testimony. It is wholly immaterial. It is unquestioned that he represented the brewery; that he was traveling for the express purpose of selling their beer. It is admitted he made the contract—this is proved beyond question and was not denied; that, in pursuance of his contract, the beer was shipped to the purchaser, and that the purchaser agreed to pay the 50 cents freight on each cask. Whether or not he had been the agent up to the time of the sale, the sale and the ratification by the brewery of that sale and compliance with its terms, places defendant in such attitude that he can not deny his own acts and the acts of the brewery, for whom he was agent. But, in this case, there is no question of the fact of his agency; and the mere retention of the right by his principal to "turn down" any orders was strictly within the terms of the contract between the Dallas Brewery and appellant, because it was a part and parcel of his employment and understood between them. If true, and whether it was a conditional sale or not, it became a completed one upon the complying with the terms of the contract by the brewery and the delivery of the goods; and it took the delivery of the goods in pursuance of the contract to make it complete. Without it there would have been no violation of the law.

Appellant's counsel stated in his argument, that if there was a sale, it was by the Dallas Brewery, and not by appellant. Replying to this, State's counsel said: "The defendant's attorney in his argument tries to make this jury believe that, if there is any violation of the law, that the Dallas Brewery Company has violated the law and not defendant. What is the Dallas Brewery Company? It is a corporation or a company, an inconceivable something which could not be convicted; and the defendant is the agent of the company." This was not erroneously improper, if erroneous at all, because the sale was made in pursuance of an order taken by appellant; and the fact that the Dallas Brewery Company, or the members of that company, made themselves particeps criminis in the transaction, would not relieve appellant of being a principal. In misdemeanor cases, all parties to the offense are principals. Houston v. State, 13 Texas Crim. App., 595.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]