### B. F. DAVIDSON v. THE STATE.

No. 2560.    Decided March 25, 1903.

**1.—Local Option Election—Orders of Commissioners Court—Signing Same.**

Where the orders of the commissioners court are recorded in the minutes of the court, it was not necessary to the validity of a local option election that they should have been signed by the county judge and the commissioners.

**2.—Local Option—Opinion Evidence.**

On a trial for violating local option, it was competent to prove by the party who delivered the whisky that, taking the letter of instructions received by him as to the delivery and collection for the same, he considered the shipment a C. O. D. shipment; and such testimony was not objectionable upon the ground that it elicited the opinion of the witness.

**3.—Same—Charge of Court.**

Where the court had charged the jury that, if the whisky was consigned, in connection with a letter instructing that it be delivered C. O. D., then the sale was at the place of delivery, and they should convict, it was not error to refuse a requested instruction to acquit unless they found it was sent as a C. O. D. package.

**4.—Same—Sale Through Agent.**

Where the liquor was consigned to a party with a letter of instructions as to delivery and collection of charges thereon, such party was agent of the consignor, and the consummation of the sale by such agent was at the place of delivery where the transfer of the title of the whisky was made.

**5.—Same—Legislative Authority.**

With regard to sales in violation of local option, the Legislature can not change the rules of law with regard to what it takes to constitute a sale, or fix the locus of such sales.

Appeal from the County Court of Knox.    Tried below before Hon. G. B. Landrum, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

Dan Berry, a witness for the State, testified as follows:    That on or about the 15th day of April, 1902, he (witness) received on the mail

hack from Guthrie a box marked dog poison, addressed to him (witness) from the defendant. In the box were two jugs of whisky, one of which, a two-gallon jug, had a card upon it addressed to Dan Roberts, in care of Dan Berry, and marked $6. That afterwards, on the same evening the box was received, the hack driver who brought the whisky to witness handed witness a note from the defendant stating that defendant had sent him (witness) a box marked dog poison and asked witness to deliver the goods and collect for same; that it looked like an imposition on witness, but that the boys had told him (defendant) that it would be all right; that witness delivered the two-gallon jug of whisky to Dan Roberts, but did not remember whether the delivery was made before he received the letter of instructions from the defendant or not. That four or five days after he (witness) delivered the whisky to Dan Roberts, witness received from Dan Roberts $9.35. That witness gave the 35 cents to the mail driver for bringing the whisky down from Guthrie and sent $9 to defendant as an accommodation to Dan Roberts. Witness never solicited orders for defendant and did not solicit this order sent to Dan Roberts, and witness was not the agent of the defendant and did not act as defendant's agent. That the box witness received from defendant was not marked C. O. D., and neither of the jugs were marked C. O. D. Witness states that he handled the express at the drugstore that comes on the mail hack; that he did not consider the whisky a C. O. D. shipment, but that, taken in connection with the letter of instructions from defendant to witness to deliver the whisky and collect the same, he did consider the whisky a C. O. D. shipment; that witness received the box labeled dog poison containing the two jugs of whisky in Benjamin, Texas, which is in precinct No. 1 of Knox County, Texas.

The defendant in his own behalf testified that about the 15th of April last, I gave a jug of whisky to the hackman at Guthrie to be delivered to Dan Roberts at Benjamin. The jug had a card attached to it and on the card was the following: "To Dan Roberts in care of Dan Berry." This jug was a two-gallon jug of whisky closed up in the box and marked on the outside of the box "Dog Poison." I marked the box in this way so no one would molest it. I delivered the box to the mail carrier from Guthrie to Benjamin; I did not pay the mail carrier to bring the box to Benjamin; when I put the whisky in the box at Guthrie I charged the whole account of $9 to Dan Roberts, as he was the person who had ordered same from me. The box was not sent by express and was not shipped C. O. D. Dan Berry was not my agent, and at no time did I ever request him to act as my agent in the delivery of any whisky to Dan Roberts or anyone, and I did not have Dan Berry or anyone else soliciting any orders or order for whisky in Benjamin about the 15th of April or at any other time. The next day after I sent the whisky to Benjamin I wrote the witness Dan Berry a note in which I stated to him to collect the money for me for the whisky sent Roberts. I do not know whether I said anything about the delivery of the goods or

not at the time I wrote the note. I suppose the whisky was delivered to Dan Roberts, as it had had plenty of time to have been delivered. I can not swear that it had been delivered. I am not sure I wrote and sent the note the day after I sent the box containing the whisky, but think I did. The mail driver brought me the $9 and paid same to me at Guthrie, Texas.

Dan Berry, a witness for the State, recalled, testified that on the same evening that he received the box containing the whisky, the mail carrier came back to the drugstore and gave him the note about the whisky.

*Glasgow & Kenan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—The question in the case is, where was the sale made? The State says it was made at Benjamin, for the reason that Berry was the agent of appellant in the transaction. The facts show him to be such, although Berry himself may say he was not the agent of appellant. Appellant delivered the whisky in Benjamin C. O. D., that is collect on delivery, although the package was not so marked or labeled. Appellant and Berry seem to think that a shipment is not C. O. D. unless the package shipped is marked or labeled C. O. D. See Acts 27th Leg., 1901, p. 262; Northcutt v. State, 35 Texas Crim. Rep., 584.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

Appellant excepted to the action of the court instructing the jury that local option was in force in said precinct No. 1 of Knox County. He claims that this matter was in issue on the trial of the case, and the court could not assume the existence of local option and so instruct the jury. We find in the record an order passed by the commissioners court ordering said election. We also find the order counting the vote and declaring the result of said election, and also the order of publication, putting local option in force. All these orders appear to be regular in form. Appellant by bill of exceptions, however, says he objected because the minutes of the commissioners court, in which said orders appeared, had never been signed by the judge or the commissioners, and had not been attested by the clerk, and that said objection put said matter in issue, and that the judge was not authorized to charge, as he did, that local option was in force in said precinct. If it be conceded that the objection stated in the bill of exceptions is equivalent to a certificate of the judge that the ground existed, to wit, that the minutes were not signed, then this was not necessary to give validity to said orders. Being found in the minutes of the commissioners court, it was not necessary that the county judge and commissioners should sign said orders. Lillard v. State (Texas Crim. App.), 53 S. W. Rep., 125. We do not believe that the validity of the local option election or orders of the court were

put in issue, and the court was authorized to instruct the jury as it did. Chapman v. State, 37 Texas Crim. Rep., 167; Williams v. State, 37 Texas Crim. Rep., 238; Benson v. State (Texas Crim. App.), 44 S. W. Rep., 167.

On the trial of the case, while Dan Berry was on the stand, and after he had testified to having received the whisky and turned it over to Dan Roberts, and having received the money from Dan Roberts, paying the freight, and paying the balance to appellant, and also having testified to a letter received from appellant, and exhibiting it in evidence, he was asked by defendant's counsel the following question, "Do you handle the express at the drugstore that comes on the mail hack?" to which he replied, "I do." He was then asked, "Did you consider the whisky a C. O. D. shipment?" Here counsel for the State objected, and the witness was permitted to answer, stating, "I did not," whereupon counsel for the State asked the following question, "Taking the letter of instruction to deliver the whisky and collect for the same, in connection with the shipment, did you not consider the whisky a C. O. D. shipment?" to which witness answered, "I did." This last question and answer was objected to on the part of appellant because it elicited an opinion of the witness. It would seem that this last answer was an opinion which both the State and appellant were seeking to obtain of this witness as to how he considered said package. He had previously answered that having received the whisky marked as it was, as an express agent, he did not consider it a C. O. D. shipment. He was then asked that receiving the package, in connection with the letter which was sent him, how he considered it. And this was objected to as stated, because it elicited the opinion of the witness. We think the letter of instructions which accompanied the package shows very clearly that it required the witness to whom the package was consigned to collect the money in connection with the delivery of said package, and, whether or not it be considered as an opinion of the witness, it is a very clear interpretation of said letter which had been introduced in evidence, and the testimony given by the witness on this point was not error.

Appellant contends that the sale was not in precinct No. 1 of Knox County, but was consummated at Guthrie, in King County; and he complains in this connection that the court gave the following charge: "If you find from the evidence that defendant B. F. Davidson sent the whisky by the mail carrier, addressed to Dan Roberts, in care of Dan Berry, and at the same time sent Dan Berry a letter or note requesting the said Berry to deliver the whisky and collect the money for the same, and then, in pursuance of the request to deliver the goods, said Berry did deliver the goods and did collect the money; or if you should find from the evidence that defendant shipped the whisky into precinct number one to Dan Roberts, the witness, in care of Dan Berry, to be delivered C. O. D. by said Berry, or collect on delivery; and if you so find from the evidence—then the sale would be a sale at the place of

delivery, and you will convict defendant," etc.   And he insists that the court, in lieu of said charge, or at least as expressing his theory, should have given the following requested charge, to wit: "The jury are charged that, before you will be warranted in convicting the defendant, you must find from the evidence in this case that defendant sent the whisky to Dan Berry to be delivered to the witness Dan Roberts, C. O. D., cash on delivery, and if you do not so find you will acquit defendant." We think that the charge as given differed but little in effect from the requested charge; that is, the charge given instructed the jury to convict if they found that the whisky was sent to precinct No. 1 C. O. D., whereas the requested charge instructed the jury to acquit unless they did find that the whisky was sent into precinct No. 1 as a C. O. D. package.   However, the charge as given was a little fuller, in that it referred to the letter of instructions accompanying said package.   We do not believe that it was necessary to give the requested instruction, because the jury in the charge given was instructed as to the only grounds upon which they were authorized to convict, and if they did not so find an acquittal followed as a matter of course.

We have examined the record carefully as to the question of sale, in connection with the locus of its consummation.   While the witness Berry disclaims any agency from appellant, yet the letter of instructions which accompanied the whisky and was delivered to him, and under which he acted, clearly constituted him the agent of appellant in delivering the whisky and receiving pay therefor.   The acts of Berry were performed at Benjamin, in precinct No. 1 of Knox County.   He was evidently not authorized to deliver the whisky without receiving pay therefor, as the letter of instructions directed to him clearly indicates; that he acted in that matter for appellant, who lived at Guthrie, King County, and who sent the whisky to Dan Berry to be delivered to Dan Roberts, when he paid for the same; that is, as we understand the letter of instructions to Berry, appellant was not willing to intrust the matter to Roberts, the purchaser of the whisky, nor was he empowered to deliver the same to him, unless the money therefor was paid to Berry, who was authorized to receive and remit it to appellant, the consignor of the whisky.   This, as we understand it, was a sale consummated at Benjamin.   It was not like the case of Bruce v. State, 36 Texas Crim. Rep., 53, which depended on its own peculiar circumstances.   Nor is it necessary to discuss whether a C. O. D. package of whisky is a sale at the point of destination or to determine how far the Legislature is authorized to go in defining a sale, as in the Act of the Twenty-seventh Legislature, page 262, chap. 96, amended article 402a.   We are inclined to the opinion, however, that the Legislature can not change the rule of law with reference to what it takes to constitute a sale or to fix the locus of such sales.   Under the facts here as shown above, this sale was not consummated until the money should be paid to appellant's agent, and this was done, as above stated, at Benjamin, when the title to the whisky was transferred.   This, as we understand it under the authorities, con-

stituted the transaction a sale at the above named place. See Northcutt v. State, 35 Texas Crim. Rep., 584; Bogel v. State 42 Texas Crim. Rep., 389. In the last case we would remark that the question did not seem to turn upon the question as to whether a C. O. D. package is a completed sale at the point of shipment or at the point of delivery, but rather involved the question as to an actual sale by an agent in the local option precinct.

We have carefully examined the record, and, finding no error, the judgment is affirmed.

*Affirmed.*