## J. T. SINCLAIR v. THE STATE.

### No. 2709. Decided November 25, 1903.

### Motion for Rehearing Overruled December 16, 1903.

**1.—Local Option—Publication.**

The fact that the order of the commissioners court authorizing the publication in some newspaper did not specify any particular newspaper did not invalidate the order.

**2.—Same—Opening the Polls.**

Where the order of the commissioners court sufficiently shows that the commissioners counted and tabulated the votes, it need not show that they opened the polls, as that may be inferred.

**3.—Evidence—Phone Calls.**

The court did not err in admitting in evidence the memoranda kept by a telephone company of calls made and paid for by the defendant at the time the calls were placed.

**4.—Same—Custom.**

The court did not err in refusing to admit testimony as to the custom of others in respect to phone orders for whisky, where the defendant and the person for whom he placed phone calls were not shown to have had knowledge of such custom, but appeared to have acted upon business principles of their own.

**5.—Charge of the Court—Additional Instructions—Law and Fact.**

After the jury had retired for some time, they returned into court and propounded the following question. "Is it necessary under the law for one to solicit orders or use his influence in the sale of an article to become an agent?" To which the court responded in a charge:. "It is not necessary for one to solicit orders for any article of merchandise to become the agent of any party selling the same. On the question of agency in this case it is one of fact, and you will be governed by the rules heretofore given in determining the fact." Held not error, inasmuch as the general charge meets the objection that the jury were erroneously informed that the question of agency was one of fact alone and not one of law and fact.

**6.—Same—Agency.**

See charge of the court held objectionable in collecting testimony concerning agency, with reference to other sales of intoxicating liquors, and excepting the one with which defendant is charged.

**7.—Same—Sale.**

A charge which collates the testimony with reference to other sales, by other parties, excepting the one with which defendant is charged, is not only upon the weight of the evidence, but is erroneous in excluding from the jury the factum probandum involved in the case, which was whether defendant as agent sold the intoxicating liquor in the county where such sale was prohibited.

**8.—Same—Sale—Delivery.**

A charge which in effect instructs the jury that if defendant acted as the agent of another and took and accepted an order in the prohibited county for intoxicating liquors and the same were shipped and received by the purchaser in said county, that then defendant was guilty, while in accord with the act of the Twenty-seventh Legislature, page 262, is erroneous in ignoring the rule of law that the place of sale must be determined by actual delivery. Brooks, J., dissenting.

ON REHEARING.

**9.—Same—Legislative Act.**

While the act of the Twenty-seventh Legislature, page 262, could not apply to the facts of this case, the sale being neither a C. O. D. sale or upon solicitation, yet on a motion for rehearing, held that the court in its charge appears to have treated the sale as one or the other or possibly of both, without instructing the jury how they were to determine the place of the sale, which must be by delivery to the purchaser in the prohibited territory to constitute a violation of the local option law.

**10.—Same—Constitution.**

See opinion for discussion of act of Twenty-seventh Legislature, page 262, in the light of the constitutional amendment on local option, with reference to the place of sale of the prohibited liquors.

Appeal from the County Court of Red River. Tried below before Hon. J. R. Kennedy.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

No statement is necessary.

No brief of appellant on file.

*Howard Martin*, Assistant Attorney-General, for the State. Also *W. S. Thomas* and *H. S. Moran* both appeared for State on motion for rehearing.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

Appellant reserved a number of exceptions to the introduction of the orders of the commissioners court declaring the result and putting local option into effect in said county. But said orders seem to be in proper form and in accordance with the law on the subject. The fact that the order authorizing the publication in some newspaper did not specify any particular newspaper did not invalidate the order. The law authorizes the county judge to designate a newspaper. Presumably the Clarksville News was designated by the judge, as the proceedings show that the publication was made in said newspaper, and subsequently embodied in the records of the commissioners' court. Nor does it matter that the order did not show that the court opened the polls and counted the votes; it does sufficiently show that the commissioners counted and tabulated the votes. Of course they must have *opened* the polls, in order to have counted and tabulated the votes. The judge explains that the entry to the effect that the foregoing order was published in the Clarksville News for four consecutive weeks, under date of June 16, 1902, when it could not have occurred at said date, was error; that the publication was finished in July, when local option went into effect.

The court did not err in receiving in evidence the memorandums kept by the telephone company, at Detroit, Texas, of calls made by defendant to talk with L. C. Clark at Paris. The bill does not show what these telephone memorandums were. Nor does the objection stated to the introduction of the same constitute a certificate on the part of the trial judge that the facts on which the objections were predicated existed. The bill is not sufficient in these respects. Yet, as explained by the judge, the evidence was admissible. The proof showed that these phone calls were placed with said company by defendant for L. C. Clark at Paris, and were made at the time the calls were placed with said company and were paid for by defendant. So the connection of defendant with said telephone messages was sufficiently shown to authorize their introduction.

Nor did the court err in refusing to receive certain testimony offered by appellant through John Dodd, to the effect that it was the custom of the people, or part of those who resided in Red River County, to phone orders for whisky to Paris; that such orders were often phoned by one person for a number of others; that the orders sent were filled and the goods sent to the parties as directed by the phone message. We fail to see, from the bill, how such testimony could have any bearing upon this case. What was customary by others, it does not occur to us would serve to solve any issue here presented. Besides the parties, appellant and Clerk were not shown to have any knowledge of any such custom. They appeared to have acted on business principles of their own;

and in our opinion, it did not require any custom in order to indicate what was done or the relation of the parties to the alleged sale.

It is shown by bill of exceptions that after the jury had retired and had been out several hours, they came into court and propounded to the judge the following question: "Is it necessary under the law for one to solicit orders or use his influence in the sale of an article to become an agent?" To which the court responded in a charge: "It is not necessary for one to solicit orders for any article of merchandise to become the agent of any party selling the same. On the question of agency in this case it is one of fact, and you will be governed by the rules heretofore given in determining the fact." This was objected to because it erroneously informed the jury that the question of agency was one of fact, whereas it is one of law and fact. As we understand the charge of the court, he told the jury that the question of agency was one of fact to be determined by the jury under the rules given in the charge by the court, which evidently referred to the general charge which the jury already had. It was further objected that said instruction failed to inform the jury what constituted defendant the agent of Clark. If the court's charge on the subject of agency was correct the jury had this question already in the main charge, and it was only necessary for the court to respond to the question asked.

In motion for new trial appellant objected to the court's charge with reference to agency and the collation by the charge of the evidence concerning agency, and telling the jury if they believed this to be true they would regard appellant as the agent of L. C. Clark in the sale of said liquor. The charge complained of is as follows: "Where there is no evidence, of a written appointment of an agent, the fact of such agency must be determined by what he does; also by the act of his principal in acting upon and recognizing his contract. In determining whether the defendant was the agent and acting for L. C. Clark in making the sale, as charged in the indictment, if any such sale was made, or was interested in such sale, either directly or indirectly, you will consider any and all testimony which shows or tends to show, if there be any such testimony, the business relation existing between the defendant and L. C. Clark, and all testimony as to the number of orders for intoxicating liquors accepted and sent by the defendant to L. C. Clark except the one in this case, if any has been shown." This charge was objected to, because it instructed the jury that defendant's agency might be shown by the acts of others than the parties to the contract involved in this case; and that it further instructed the jury to disregard acts connected with the sale in question in determining the issue as to whether appellant was the agent of L. C. Clark. As we understand, the testimony with reference to other sales was merely to illustrate appellant's method of doing business, to aid the jury to determine the question of agency, and whether or not as to the sale alleged in the

indictment appellant acted as the agent of said Clark and made the sale of said whisky in Red River County.

It is also complained that the charge of the court failed to instruct the jury that, in order to constitute a sale, either for cash or credit, that the goods must be delivered to the buyer. A critical examination of the charge in question bears out the contention that it is a charge on the weight of the testimony; and besides it excludes from the jury the factum probandum involved in this case. No matter what the other sales admitted in evidence tended to show with reference to the question of agency, the real issue in this case was whether or not in the particular sale for which appellant was indicted, he acted as the agent of Clark in making the sale in Red River County; and all the other sales were merely admitted in order to shed light on this transaction, yet the court appears to have excluded this transaction from the consideration of the jury in determining the question of agency. In this we think the court was in error.

The court was also in error in not furnishing the jury with a proper test in order to determine whether or not appellant acted as the agent of Clark in Red River County and actually made the sale there. As we understand the rule of law, as established by the decisions on this subject appellant must have acted as the agent of Clark in the sale of the liquor in Red River County; and it was also necessary, in accordance with the terms of the sale, that it should be consummated in Red River County. The court, as we understand the charge in paragraph 5 thereof, instructed the jury, in effect, that, if appellant acted as the agent for Clark and made the sale of the intoxicating liquors in Red River County, that is, if he took or accepted an order therein for intoxicating liquors, and the goods, in pursuance of said order, were shipped and received by the purchaser within the county in which the local option law was in force, then appellant would be guilty. This is undoubtedly in accord with the act of the Twenty-seventh Legislature, p. 262. In Davidson v. State, 73 S. W. Rep., 808, while the question was not decided, we expressed the opinion that the Legislature could not change the rules of law with reference to what it took to constitute a sale, or to fix the locus of such sales. In Bruce v. State, 36 Texas Crim. Rep., 53, this court discussed what it required under the rules of law to constitute a sale; and it was there held, "that parties who are competent to trade can make their own contracts, stipulate as to terms, and can make such terms as are not illegal; that the locus of a sale, that is where it was consummated, is to be determined by the known rules of commercial law on the subject." The effect of that decision was to hold that the place of the sale was to be determined by actual delivery and parting by the seller with the property in the thing sold to the purchaser. Wherever this occurs there the sale is consummated. See Northcutt v. State, 35 Texas Crim. Rep., 584; Bogel v. State, 55 S. W. Rep., 830; and see Specialty Furniture Co. v. Kingsbury, 60 S. W. Rep., 1030;

24 Am. and Eng. Enc. of Law, p. 1071. Tested by these rules, if appellant, as the agent of Clark, made a sale of the whisky in question to the prosecutor in Red River County, and the actual delivery of the same was to take place in Lamar County, and neither appellant nor Clark were to have anything further to do with the goods, then we fail to see how appellant could be convicted of a consummated sale of the goods in Red River County. Appellant might never bring them into Red River County. In such case there would be no violation of the law. The purchaser might himself, or through his own agents, bring said goods into Red River County. In such case there would be no violation of the law, because there was never a consummated sale of the goods in question in Red River County. The charge of the court ignored this principle, and simply instructed the jury, as the recent act on the subject provides, if defendant made a sale of the goods as agent of Clark in Red River County, he would be guilty, regardless of the place of delivery and regardless of the consummation of the sale in that county. As we understand the Constitution on this subject, the Legislature was authorized to permit localities, by a majority vote, to determine from time to time whether the sale of intoxicating liquors should be prohibited within prescribed limits. The sale evidently here refers to sales of liquors within the prohibited territory. The evil which the Constitution sought to provide against was the passing of title within local option territory of intoxicating liquors; and this, it seems to us, involves a delivery of the goods within such territory. We are not holding here that the evidence is not ample to have authorized the conviction of appellant for selling and delivering said liquor within the prohibited territory. The evidence shows that he received the money, sent all the phone messages, and the expressage on the liquors was paid by his principal into the prohibited territory. In other words, the evidence here amply shows that he carried on the business of selling liquors within the prohibited territory as the agent of Clark. However, he denies this. As we understand the charge of the court, his denial was ignored; and the court gave the jury an improper measure in order to determine the locus in quo of the sale. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, dissents.

ON REHEARING.

HENDERSON, Judge.—This case was reversed at a previous day of this term, and now comes before us on rehearing. We do not understand the State to seriously contend that the case should be affirmed, inasmuch as it appears to be conceded that the court's charge on the question of agency, especially in applying the law to the facts, is erroneous. However, the State does insist that the court's discussion of the act of the Twenty-seventh Legislature, p. 262, is dicta. On a review of the case

we are inclined to agree with this contention, inasmuch as the facts of the case do not bring it either under the head of a C. O. D. sale, or a sale by solicitation. The act prescribes substantially, that in all contracts of sale and shipment of intoxicating liquor from any point in the State to any place within the State subject to local option, where the terms of such contract is C. O. D. or collect on delivery, that the same is and shall be a sale at the point where said goods are delivered and paid for. And further, that where orders are solicited for intoxicating liquors in local option territory, and such order is subsequently filled, the sale shall be at the place where said order was solicited. Here, as stated, the record shows that the liquor was paid for before shipment, and the shipment was not made C. O. D., consequently it can not be regarded as a C. O. D. shipment. The record further shows that appellant did not solicit the purchaser to buy the whisky, but that the purchaser applied to him; accordingly it was not a sale on solicitation. So that, in neither event does the act of the Legislature apply here. However, the court in its charge appears to have treated the sale as one or the other, or possibly as a combination of both; and the effort to apply this law to the facts of the case, without any qualification or suggestion to the jury as to how they were to determine the locus of this sale, constitutes, in our opinion, the error in the court's charge on this subject. For instance, he tells the jury that "A party assisting the seller to make a sale of intoxicating liquors in a local option territory in this State, where such sale has been prohibited, and is prohibited by law, violates the local option law, and even though he may so assist the seller with or without compensation." And "Any person who is agent for, or who is acting for or who is assisting a principal whose place of business is located outside a county in which the local option law is in force, makes a sale of intoxicating liquors in such county in which said law is in force, when he takes or accepts an order therein for intoxicating liquors, and the goods are shipped by his principal and received by the purchaser within such county in which the local option law is in force, in pursuance of such order." And the court then proceeds to group the facts, as he culled them from the evidence in the case, instructing the jury, if they should find such facts to exist to find defendant guilty. If the court in connection with these charges had instructed the jury in effect that they must find that the sale was made within the local option territory, that is, by the terms thereof the seller was to ship and deliver the same to the purchaser within the local option territory, and that it did not become the property of the purchaser until he received it in the local option territory, according to the terms of the contract, express or implied, then the sale would be within the local option territory; that is, that the sale was where the title to the property passed, and as test of this, if the goods were lost in transit, and before delivery, it would be the loss of the seller, and not of the purchaser, then the sale would be within

the local option territory; otherwise not. But this was not done. And as was said in the original opinion, the charge of the court ignored this principle, and made appellant guilty if he acted as the agent of Clark in the sale of the goods in Red River County, regardless of the place of delivery and regardless of the consummation of the sale in that county. The State, in this connection refers us to Bogle v. State, 55 S. W. Rep., 830, cited in the original opinion, as sustaining its contention. The charges of the court were not discussed in that opinion, nor did the cease turn on the charge. Nor did we say, in the original opinion that the conviction could not be sustained on the facts.

We desire here to make a few observations with reference to our views on this question. The Constitution of 1876 (art. 16, sec. 20) authorized the Legislature to enact a law whereby the qualified voters of any county, etc., "may determine by a majority vote, *"whether the sale of intoxicating liquors shall be prohibited within the prescribed limits."* This section as amended in 1891 was only changed with reference to subdivisions, leaving the other parts unchanged. So we see that the framers of the Constitution only authorized the Legislature to pass a law *prohibiting the sale of intoxicating liquors within the prescribed territory.* We must presume they know what a sale meant, and referred to the same as commonly understood and as decided by the courts. As early as Holley v. State (decided in 1883), 14 Texas Crim. App., 505, it was held that the Legislature was circumscribed to a sale within the prohibited territory, and could not prohibit a gift. Long before that, the Supreme Court of this State had decided what constituted a sale; and in Woods & Co. v. Half, Weis & Co., 44 Texas, 633, the court held "that as to the sale of chattels the intent of the parties when clearly ascertained is of controlling force in determining when the sale of chattels has been executed; and every sale transfers the property. That is not a sale which does not transfer the property in the thing sold." And in speaking as to the facts of that case they say: "That goods boxed up, marked in the name of the buyer and on a dray on the way to the wharf for delivery to the carrier are not subject to levy as the goods of the buyer." But they hold it would have been different if the goods had reached the common carrier. This case arose before the adoption of the Constitution of 1876. And in Rohrbough v. Leopold, 68 Texas, 254, it was held, that without regard to the character of negotiations which preceded a sale of chattels, no sale is finally consummated until both parties agree to their delivery. "The place of a sale of goods is the place of delivery where the sale is completed by delivery." 22 Am. and Eng. Enc. of Law, p. 1339, and authorities cited in note 4. And again it is said: "Ordinarily, and in the absence of an agreement to the contrary, the seller is under no obligation to send or carry to the buyer the goods sold. His duty is fulfilled by so placing them at the disposal of the buyer that they can be removed by him." 24 Am. and Eng. Enc. of Law, p. 1068. "Where the place of delivery is fixed by

the contract that, of course, controls, and the seller need not make a tender at any other place; and if tendered at another place, the buyer need not accept; but where nothing is said upon the subject, it is taken for granted that the goods are to be delivered or placed at the buyer's disposal at the place where they are when sold, unless some other place is regarded by the nature of the article, or by the usage of trade, or by the previous course of dealing between the parties, or is to be inferred from the circumstances of the case." Id., p. 1069. "Where the duty of the seller is to send goods to the buyer, the general rule is that delivery to a common carrier is equivalent to a delivery to the buyer himself. Particularly is this so if the carrier to whom the delivery is made has been designated by the buyer. The carrier is deemed the agent of the buyer and not the agent of the seller. Such delivery effects the transfer of title, and is a sufficient performance of the contract to enable the seller to maintain an action for the goods sold and delivered, even though the seller pays the freight. Though in controverted cases, the payment of freight may have an important bearing in determining whose agent the carrier is." Id., 1071. And see Tennet, Walker & Co. v. Skinner, 1 Texas Civ. App. Cases (W. & W.), sec. 78; Specialty Furn. Co. v. Kingsbury, 60 S. W. Rep., 1030.

As stated above, no doubt when the Constitution was adopted on the subject of local option, by the people, it was adopted with reference to the well known definitions of sale, and of what constituted a completed sale. In Bruce v. State, 36 Texas Crim. Rep., 53, the question of C. O. D. sales was discussed; and it was there said that the authorities were both ways as to the locus of the sale; but we followed that class of decisions which held that the sale was completed when the property was delivered to the common carrier by the seller. Freshman v. State, 38 S. W. Rep., 1007; Weatherford v. State, 1 Texas Ct. Rep., 655; Treadaway v. State, 42 Texas Crim. Rep., 466. In the latter case, summarizing, the court stated: "This court has heretofore held that when whisky is shipped to a party C. O. D., the moment it is placed in the express office it becomes the property of the consignee, and this is clearly true the moment the consignee receipts the express company for the same, and pays the C. O. D. charges thereon." So it would appear that the question of sale and the locus thereof, both generally and as relating to C. O. D. packages, has been well settled by the decisions of this court. However, the Legislature has seen fit to pass an act regarding C. O. D. packages at variance with the rule heretofore adopted and followed by this court. Whenever a case is brought before this court with no other facts or circumstances to characterize the sale, as to the place where the seller parts with title to the property, than a simple C. O. D. package, we will meet and decide the question. However, as stated before, we do not believe the Legislature, or any other department of the government, has authority to make contracts for parties, and that parties are authorized to make their own contracts, when not in violation of some

law of the land. We are disposed to doubt the authority of any department of the government to make that a completed contract at a place where it is not completed—the seller not there parting with title to the property—or to visit a penalty upon any citizen for doing some act preliminary to a sale, which does not evidence a completed sale in territory where, under the Constitution, the Legislature is only authorized to punish a sale within the prohibited territory. As stated before, this sale does not come under the act of the Twenty-seventh Legislature. The charge of the court which attempted to involve this act in defining a sale was erroneous, and for this and other errors pointed out, the motion for rehearing is overruled.

*Overruled.*