## CARNES v. STATE.

### No. 20641.

Court of Criminal Appeals of Texas.

March 27, 1940.

For former opinion, see 134 S.W.2d 1052.

W. C. Baker and Jim W. Weatherby, both of Kerrville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant files a motion in this court requesting that we correct our mandate heretofore issued on January 12, 1940, his complaint being directed at the following italicized phrase: "It is ordered, adjudged and decreed by the court that the judgment be in all things affirmed, and that the appellant *and his sureties on recognizance* pay all costs in the court below, and that this decision be certified below for observance."

In the Revised Civil Statutes 1895, Art. 1063, it was provided that: "In every * * case of a less grade than felony in which an appeal is taken to the court of criminal appeals, and the judgment of the court below is affirmed against the defendant, all fees due the clerk of said court in said case shall be adjudged against the defendant and his sureties on his recognizance," etc.

Construing such statute, Judge Henderson held in Benson v. State, 39 Tex.Cr.R. 56, 44 S.W. 167, and Arbuthnot v. State, 38 Tex.Cr.R. 509, 34 S.W. 269, 43 S.W. 1024, that payment of the costs in this court was a portion of the obligation of the sureties on a recognizance in such a misdemeanor case. This statute has been repealed, and will not be found in the 1925 revision of our statutes. The recognizance in this case merely obligates the sureties to see that appellant shall appear before the court from day to day and from term to term of the same, and not depart therefrom without leave of the court in order to abide the judgment of the Court of Criminal Appeals of the State of Texas.

Without the aid of the repealed statute, we do not think we have the power, under this recognizance, to require the sureties to pay the costs in the lower court, nor does the law thus require, but must leave that matter to the proper officers in such court to enforce the same against the appellant.

The motion is therefore granted, and the clerk is directed to withdraw the mandate of date January 12, 1940, and to issue a further one as above set forth, leaving out, however, the words "and his sureties on recognizance."